UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. MARK COULSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
Phone: (410) 962-4953
Fax: (410) 962-2985

December 17, 2018

LETTER TO ALL COUNSEL OF RECORD

    Re:    *Jai P. v. Social Security Administration*[1]
            Civil No. 18-cv-00785–JMC

Dear Counsel:

    On March 17, 2018, Plaintiff petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 16, 17). I find that no hearing is necessary. Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and correct legal standards were employed. 42 U.S.C. § 405(g); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Social Security Administration, and remand the case to the Social Security Administration for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

    Plaintiff filed a claim for benefits on June 10, 2014, alleging disability beginning on April 1, 2013. (Tr. 153-54). His claim was denied initially and on reconsideration following appeal. (Tr. 89-91, 97-100). Administrative Law Judge ("ALJ") Karen Robinson held a hearing on March 7, 2017. (Tr. 35-65). Following that hearing, on May 19, 2017, the ALJ determined that Plaintiff was not disabled. (Tr. 13-26). The Appeals Council denied his request for review, making the ALJ's decision the final, reviewable decision of the Agency. (Tr. 1–6).

    In arriving at the decision to deny Plaintiff's claim, the ALJ followed the five-step sequential evaluation of disability set forth in the Secretary's regulations. 20 C.F.R. § 416.920. "To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). If the first three steps do not yield a conclusive determination, the ALJ then assesses the claimant's residual functional capacity ("RFC"), "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work," by considering all of the claimant's medically determinable impairments regardless of severity. *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The claimant bears the burden of proof through the first four steps of the sequential evaluation. If he makes the requisite showing, the burden shifts to the Social Security Administration at step five to prove "that the claimant can perform other work that 'exists in significant numbers in the national economy,'

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner of Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

In this case, at step one, the ALJ found that Plaintiff had not engaged in "substantial gainful activity" between April 1, 2013 and June 30, 2015. (Tr. 18). At step two, the ALJ determined that Plaintiff's "status post reconstructive surgery of the left ankle and left wrist; left knee impairment; degenerative disc disease of the cervical and lumbar spine; left peroneal neuropathy and mild lumbar radiculopathy; and substance addiction disorder" constitute severe impairments under the relevant regulations. (Tr. 18-19). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of any of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19-20). Then, "[a]fter careful consideration of the entire record," the ALJ determined that Plaintiff has the RFC to perform:

> light work as defined in 20 CFR 404.1567(b), except he can occasionally climb ramps/stairs/ladders/ropes/scaffolds, occasionally push/pull with the left lower extremity, and frequently balance, stoop, kneel, crouch, crawl, and push/pull with the dominant left upper extremity.

(Tr. 20-24). Finally, at step four, the ALJ determined that Plaintiff is unable to perform any past relevant work, but in considering age, education, work experience, and RFC, "there were jobs that existed in significant numbers in the national economy that the claimant could have performed." (Tr. 24-25).

The Court reviews an ALJ's decision to ensure that the ALJ's findings are supported by substantial evidence and were reached through application of correct legal standards. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," which "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Id.* (internal citations and quotations omitted). In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (internal citations and quotations omitted). Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

Plaintiff appeals on the basis that the ALJ's decision was made without substantial evidence because it does not weigh or acknowledge the opinions of his treating physician Dr. Okigbo. (ECF No. 16). Specifically, Plaintiff argues that the ALJ did not specifically mention, evaluate, or assign weight to the medical opinions Dr. Okigbo as required by 20 CFR 404.1527(c). Lastly, Plaintiff argues that these failures were not harmless in that the opinions, if given the proper weight, could have been outcome determinative. Defendant counters that the ALJ's determinations are supported by substantial evidence, Dr. Okigbo's opinions are unsupported by acceptable clinical techniques, and any error was harmless. (ECF No. 17-1).

Under the Social Security regulations, the opinions of treating physicians are given "more weight since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone." *Lewis v. Berryhill*, 858 F.3d 858, 867 (4th Cir. 2017) (quoting C.F.R. § 404.1527(c)(2) and § 416.927(c)(2). Accordingly, "the ALJ is required to give controlling weight to opinions proffered by a claimant's treating physicians so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the claimant's case record." *Id.* (internal quotations omitted). If a treating physician's medical opinion is not assigned controlling weight, however, in determining the weight to give the opinion, the ALJ should consider: (1) the length of the treatment relationship and its nature and extent; (2) the supportability of

2

the opinion; (3) the opinion's consistency with the record as a whole; (4) whether the source is a specialist; and (5) any other factors that tend to support or contradict the opinion. 20 C.F.R. § 416.927(c)(2).

The ALJ here failed to adequately explain why she did not attribute any weight, yet alone "controlling weight" to Dr. Okigbo's opinions as required by 20 C.F.R. § 404.1527(c)(2) and § 416.927(c)(2). While the ALJ cites to Dr. Okigbo's findings and opinions from 2013 and 2014, it appears to have been done to build a foundation for evaluating Plaintiff's physical condition and subsequent medical opinions. (ECF No. 17-1 and Tr. 21). No discussions as to Dr. Okigbo's opinion or the weight given to the opinion follows. Moreover, while Dr. Okigbo's findings are cited, the determination makes no reference to the October 3, 2013 report what states that Plaintiff was only capable of standing for 30 minutes, walking for 10 minutes, and reaching for 20 minutes, could lift/carry less than 10 pounds, and could not participate in work, school, or training. (Tr. 450-51).

Absent any meaningful analysis of Dr. Okigbo's opinions or the factors relevant to determining if a weight, besides controlling, is appropriate for the opinions, this Court cannot conclude that the errors here were harmless. Thus, the Court is persuaded by Plaintiff's argument and remands the case for further consideration and explanation by the ALJ. In remanding for additional explanation, I express no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

For the reasons set forth herein, the cross motions for summary judgment, (ECF Nos. 16, 17), are DENIED, the Social Security Administration's judgment is REVERSED, and the case is REMANDED in order for the ALJ to provide further analysis and explanation.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket is as such.

Sincerely yours,

/s/
J. Mark Coulson
United States Magistrate Judge